Filed 2/15/24 In re J.H. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re J.H., a Person Coming Under the Juvenile Court Law. | |
| | D082851 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J520892) |
| v. | |
| T.H. et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of San Diego County, Michael P. Pulos, Judge. Conditionally reversed and remanded with directions.

Tracy M. De Soto, under appointment by the Court of Appeal, for Defendant and Appellant T.H.

William D. Caldwell, under appointment by the Court of Appeal, for Defendant and Appellant C.W.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Emily Harlan, Deputy County Counsel, for Plaintiff and Respondent.

C.W. (Mother) and T.H. (Father) (together, Parents) appeal from the order terminating their parental rights to their daughter, J.H. (Child). Parents' sole contention on appeal is that the San Diego County Health and Human Services Agency (Agency) and the juvenile court did not comply with inquiry requirements pursuant to the Indian Child Welfare Act of 1978 (ICWA), 25 United States Code section 1901 et seq., and Welfare and Institutions Code section 224 et seq.[1]  They request conditional reversal and remand for compliance with ICWA.[2]

The Agency submitted a letter conceding that a limited remand is necessary to ensure ICWA compliance.  We agree that a limited remand is appropriate.  We conditionally reverse the juvenile court's orders and remand the matter for compliance with ICWA, subject to reinstatement if the juvenile court determines J.H. is not an Indian child.

FACTUAL AND PROCEDURAL BACKGROUND[3]

Child was exposed to marijuana and methamphetamine in utero. Mother was arrested for a federal probation violation and gave birth while in custody.  Following Child's birth, the Agency filed a dependency petition

---

[1]    Further undesignated statutory references are to the Welfare and Institutions Code.

[2]    We deny Mother's request for judicial notice as it is unnecessary to resolve the matter before us.  (See generally *Riley v. Alameda County Sheriff's Office* (2019) 43 Cal.App.5th 492, 518.)

[3]    Because the sole issue on appeal relates to the adequacy of the ICWA inquiry, we summarize the facts briefly, focusing on the ICWA inquiry.

under section 300, subdivision (b).  Parents denied Native American ancestry. At the detention hearing in October 2021, Parents informed the court that neither had any known Native American ancestry.  At that hearing, the court ordered both Parents to complete the "Parental Notification of Indian Status" form.  Copies of those forms are not included in the record before us.

At the jurisdictional/dispositional hearing in November 2021, Mother told the court that she may have Native American ancestry through the maternal grandfather, though she was not aware of a specific tribe.  She "barely know[s]" his name and has "no communication with him." Nevertheless, the maternal aunt and maternal great-aunt provided his name to the Agency for further ICWA inquiry.  The social worker reports indicate they mailed formal ICWA inquiries; however, neither copies of the letters nor any responses are included in the record.  The court terminated parental rights at the section 366.26 hearing in September 2023 after finding that ICWA did not apply.

## DISCUSSION

Congress enacted ICWA to address concerns regarding the separation of Indian children from their tribes through adoption or foster care placement with non-Indian families.  (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.)  In dependency proceedings, the juvenile court and the Agency have an "affirmative and continuing duty to inquire" whether a child "is or may be an Indian child."  (§ 224.2, subd. (a).)  This duty of inquiry extends to asking parents, legal guardians, extended family members and others who have an interest in the child.  (§ 224.2, subd. (b).)  ICWA defines " 'extended family member' " by "the law or custom of the Indian child's tribe" or, absent such law or custom, as "a person who has reached the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-

3

law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 U.S.C. § 1903(2); Welf. & Inst. Code, § 224.1, subd. (c).)

Mother contends the Agency failed to satisfy its duty of initial inquiry under section 224.2, subdivision (b) because it did not ask her available extended family members if they had Native American ancestry. Social workers spoke with several extended maternal family members throughout the life of the case, including a maternal aunt and the maternal great-aunt who raised Mother. At the same time, the Agency was aware it had not contacted the maternal grandmother or the maternal grandfather, even though it is the maternal grandfather who may have Native American ancestry. Although the exact relationship is unclear, Mother also argues the Agency should have completed an inquiry with Terry L.W.

Father similarly contends the Agency failed to satisfy its duty of initial inquiry under section 224.2, subdivision (b), asserting it did not ask Father's extended family members if they had Native American ancestry. Social workers spoke with Father and the paternal grandmother. The Agency was aware of a four paternal aunts and uncles, two of whom lived with the paternal grandmother. While the Agency did inquire of the paternal grandmother, the mother to Father's siblings, they did not ask Father's siblings about Native American ancestry.[4] The record also does not reflect any attempts to contact the paternal grandfather.

The Agency concedes it failed to comply with the duty of initial inquiry with respect to the maternal grandmother, maternal grandfather, and

---

[4] The record is unclear which of Father's siblings are full siblings and share the same father.

paternal grandfather.[5]  All parties agree a conditional reversal and limited remand is appropriate to complete the initial inquiry.

Mother contends the Agency should also be required to ask about Terry L.W.'s ancestry.  Based on the record before us, however, we cannot definitively conclude whether Terry qualifies as an extended family member for the purposes of ICWA.  If so, it may well be appropriate for the Agency to inquire as to Terry's Native American ancestry.  But we note that an agency is only obligated to make "a good faith effort to gather information about the children's membership status or eligibility" (*In re D.F.* (2020) 55 Cal.App.5th 558, 570) and it need not " 'cast about' for information or pursue unproductive investigative leads." (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1053.)

Father similarly contends the Agency should make inquiries to each of his siblings.  Aunts and uncles are considered extended family members for the purposes of ICWA inquiries; however, half-aunts and half-uncles are not included within the definition of "extended family member."  (See 25 U.S.C. § 1903(2); Welf. & Inst. Code, § 224.1, subd. (c) [" 'extended family member' . . . defined as provided in [§] 1903" of ICWA].)  The Agency is not necessarily obligated to make inquiries to a parent's half-siblings and the record before us is not clear which of Father's siblings are full siblings.  In

---

[5]     In light of the Agency's concession, we do not consider the significance, if any, of the prefatory statutory language, "[i]f a child is placed into the temporary custody of a county welfare department pursuant to Section 306 or county probation department pursuant to Section 307 . . . ." (§ 224.2, subd. (b); compare *In re Robert F.* (2023) 90 Cal.App.5th 492, review granted July 26, 2023, S279743; *In re Ja.O.* (2023) 91 Cal.App.5th 672, review granted July 26, 2023, S280572; *In re Andres R.* (2023) 94 Cal.App.5th 828, review granted Nov. 15, 2023, S282054; with *In re Delila D.* (2023) 93 Cal.App.5th 953, review granted Sept. 27. 2023, S281447; *In re C.L.* (2023) 96 Cal.App.5th 377; *In re Jerry R.* (2023) 95 Cal.App.5th 388; *In re V.C.* (2023) 95 Cal.App.5th 251.)

any event, the Agency may be able to resolve questions of Father's possible Native American ancestry through the paternal grandfather. Should this be the case, it may not be necessary to conduct inquiries of Father's siblings, full, half, or otherwise.

Once the Agency complies with initial inquiry efforts with extended family members, the court will evaluate if further inquiry is necessary. Accordingly, we conditionally reverse the order terminating parental rights and remand for the limited purpose of allowing the Agency and the juvenile court to comply with ICWA and section 224.2. (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 746; *In re K.H.* (2022) 84 Cal.App.5th 566, 621.)

## DISPOSITION

The juvenile court's September 25, 2023 orders terminating parental rights to J.H. are conditionally reversed. The matter is remanded with directions that the Agency comply with the inquiry provisions of ICWA and section 224.2, including at least the maternal grandmother, maternal grandfather, and paternal grandfather. If, after completing ICWA inquiry, neither the Agency nor the juvenile court has reason to believe or to know that J.H. is an Indian child, the order terminating parental rights to J.H. shall be reinstated. Alternatively, if after completing the initial inquiry the Agency or the juvenile court has reason to know J.H. is an Indian child, the court shall proceed according to statute.

DATO, J.

WE CONCUR:

IRION, Acting P. J.

BUCHANAN, J.

7